**UNITED STATES of America, Appellee,**

**v.**

**George F. HOLT, D.P.M., Appellant.**

**No. 75–1333.**

United States Court of Appeals, Fourth Circuit.

Argued Sept. 9, 1975.

Decided Dec. 19, 1975.

[redacted]

Robert A. Crawford, Asheville, N. C. (Robert E. Riddle, Riddle & Shackelford, Asheville, N. C., on brief), for appellant.

Keith S. Snyder, U. S. Atty., for appellee.

Before BRYAN, Senior Circuit Judge, and RUSSELL and WIDENER, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

The defendant-appellant, a practicing podiatrist, was indicted for submitting false claims for services not actually rendered to patients who were beneficiaries of the Social Security Medicare Program.[1] He was found guilty by a

---

1. 42 U.S.C. § 408(c); 42 U.S.C. § 1395nn.

The first twelve counts charged defendant with violating 42 U.S.C. § 408(c), while the last three charged him with violating 42 U.S.C. § 1395nn. Although the offense is the same in all counts, the law was amended to provide for increased fines ($10,000 instead of $1,000) after October 30, 1972. Defendant contends that the indictment is defective because it fails to

jury and sentenced by the Court.[2] He has appealed and assigns as error: (1) "Amendment" of the bill of indictment; (2) attempted impeachment of a government witness; and (3) sufficiency of the evidence. We affirm.

Defendant contends that the bill of indictment was amended, thus violating the Fifth Amendment, and that the "modifications were solely those of the Government, and were instituted at their [sic] discretion." The indictment, as returned by the grand jury, set forth the entire contents of the claim forms submitted by defendant, although some of the services listed had been performed. In response to defendant's motion for a bill of particulars, the Government marked those services which it alleged were not performed, and substituted "all" for the word "following" in the introductory portion referring to the services not performed.

This contention blithely ignores the role of defense counsel in bringing about the challenged changes. Defense counsel wrote the United States Attorney stating "it is our understanding that you agree that the counts in the Bill are amended * * *" and went on to set forth his version of the bill which contains substantially the same language as the contested version. Furthermore, in the course of a colloquy between counsel and the Court during trial, defense counsel stated to the Court that the indictment had been "narrowed-down," and expressed his agreement. It appears that the purpose of the changes was to eliminate confusion in the event the indictment was submitted to the jury.[3]

Defendant relies on the case of *United States v. Williams* (3d Cir. 1969), 412 F.2d 625, and argues that consent to an amendment of an indictment is not relevant when it affects a "matter of substance." An indictment is amended only when it is so altered as to charge a different offense from that found by the grand jury.[4] Therefore, the true inquiry is "whether there has been such a variance as to 'affect the substantive rights' of the accused."[5] In reaching this determination, the primary consideration is the role of the indictment in informing the defendant of the charges in order that he may prepare his defense and in protecting the defendant against another prosecution for the same offense.[6] The indictment in this case clearly fulfilled this dual purpose. The wording deleted was surplusage;[7] indeed, the deletion was favorable to the defendant.[8] As in *Krepper*, "[i]t would appear to us to be unsound and severely prejudice the fair administration of justice to permit the defendant to question the legal sufficiency or propriety of the Indictment when he did not make such objection but, in

state the proper section which defendant is charged with violating. However, the indictment shows that the first twelve counts are stated to be violations of 408c while the last three are stated to violate 1395nn.

2. At the close of the Government's evidence, the Court dismissed four counts of the indictment. Eleven counts were submitted to the jury. The jury found the defendant not guilty on four counts and guilty as to seven counts. The Court suspended the service of the sentences imposed, and placed the defendant on probation, upon the payment of fines totaling $10,000.

3. In fact, defense counsel's secretary typed the document under his supervision for submission to the jury. This paper was labeled on its face: "Amended Bill of Indictment by Consent of Both Parties."

4. *United States v. Krepper* (3d Cir. 1946), 159 F.2d 958, 970, *cert. denied*, 330 U.S. 824, 67 S.Ct. 865, 91 L.Ed. 1275 (1947).

5. Id. at 971.

6. *See, Berger v. United States* (1935), 295 U.S. 78, 83, 55 S.Ct. 629, 79 L.Ed. 1314; *United States v. Bagdasian* (4th Cir. 1961), 291 F.2d 163, 165.

7. A major exception to the prohibition against amendment of indictments is the view that the Court need not even submit to the jury surplus elements not essential to the allegation of an offense. C. Wright, 1 Federal Practice and Procedure § 127.

8. Several of the counts were not prosecuted due to the unavailability of government witnesses. Defense counsel inserted the word "dismissed" opposite those counts on the document submitted to the jury.

984

fact, consented to the amendment before he was in jeopardy."[9]

■ Defendant attempted to impeach one government witness by asking about her use of the medication "Percodan." The witness was first asked if she were taking any medication at the time of trial, to which she replied that she was taking high blood pressure tablets. She stated that she had taken Percodan "on occasions," in connection with medical treatment. At this point, the Court sustained the government's objection. Defendant contends that the Court erred in preventing him from determining whether the witness was under the influence of a drug at the time about which she was testifying or at the time of trial. We find no error since counsel never asked if she were taking this particular drug at either of these times.[10]

■■ Defendant also argues that the guilty verdicts were based on insufficient evidence, particularly on the ground that the government witnesses were elderly and senile. Apparently, it is assumed that they all have poor memories, however, no showing is made of their incompetence to testify. In any event, the jury was able to observe their demeanor and to assess their credibility. It is the rule in this circuit that the verdict of the jury must be sustained "if there is substantial evidence, taking the view most favorable to the government, to support the findings of guilt." *United States v. Sherman* (4th Cir. 1970), 421 F.2d 198, 199, *cert. denied*, 398 U.S. 914, 90 S.Ct. 1717, 26 L.Ed.2d 78 (1970).

Accordingly, the judgment of the District Court is affirmed.

*Affirmed.*

**9.** 159 F.2d at 971.

**10.** In *United States v. Leonard* (1974), 161 U.S. App.D.C. 36, 494 F.2d 955, Judge Winter (sitting by designation) stated that it was not error to refuse to admit testimony regarding the

effect of drug use on the perception of the witness when defense counsel was unable to establish that the witness had used drugs on the day in question. In the instant case, counsel failed to lay the proper foundation.