877 F.2d 60
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth ADAMS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth ADAMS, Defendant-Appellant.
 Nos. 88-5602, 88-6059.
 United States Court of Appeals, Fourth Circuit.
 Argued April 14, 1989.
Decided June 9, 1989.
 
 Charles Kenneth Moss (Robert Stanley Powell on brief) for appellant.
 Barry McCoy Tapp, Special Assistant United States Attorney (Henry E. Hudson, United States Attorney on brief) for appellee.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Kenneth Adams, an inmate at Lorton Reformatory, a federal facility employed to incarcerate District of Columbia prisoners, was convicted in the United States District Court for the Eastern District of Virginia of killing another inmate and of possession of a weapon. Adams asserts insufficiency of the evidence to support either conviction. He further contends that the sentencing guidelines were erroneously applied, that the guidelines are in any event unconstitutional, and that the court erred by modifying its judgment to recommend a new place of confinement.
 
 
 2
 On December 27, 1988, an altercation took place between two inmates incarcerated at Lorton Reformatory. One was Adams who stabbed the other, Elliot Sherrod. The jury, after hearing testimony of threatened violence as a basis for attempting to establish self-defense on Adams' part, convicted Adams of murder in the second degree and of unlawful possession of a weapon. Adams now has appealed both convictions. The factual support in the case of each crime was amply sufficient. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The verdict must be sustained as, taking the view most favorable to the government, it is supported by substantial evidence. United States v. Holt, 529 F.2d 981, 984 (4th Cir.1979).
 
 
 3
 Adams argues that the court erred by failing to depart from the sentencing range provided in sentencing guidelines. Specifically, he contends that the court failed to accept certain factors which would have allowed a departure from the guidelines and thus the sentence awarded, albeit within the applicable sentencing guideline range, was erroneous.
 
 
 4
 As the government notes, whether a proper sentence within the guidelines is open to appellate scrutiny, or whether a failure to depart from the guidelines could ever be an abuse of the sentencing court's discretion are open questions. Under the plain language of 18 U.S.C. Sec. 3742, however, we may only determine whether a sentence--
 
 
 5
 (1) was imposed in violation of law;
 
 
 6
 (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
 
 
 7
 (3) is outside the range of the applicable sentencing guideline, and is unreasonable.
 
 
 8
 To preserve jurisdiction, we construe Adams' appeal as contending that the district court incorrectly applied the sentencing guidelines. Reviewing the record, we are satisfied that the sentence was not only clearly within the applicable guideline ranges, but was appropriate as well.
 
 
 9
 Specifically, we perceive no error in the district court's considered decision not to depart from the guidelines. Section 3553(b) mandates a sentence imposed within the enumerated guidelines, and will not permit a departure
 
 
 10
 unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the Sentencing Guidelines, policy statements, and official commentary of the Sentencing Commission.
 
 
 11
 (Emphasis added). The district court specifically considered and rejected the factors proposed by the defendants:[1]
 
 
 12
 The Court rejects the notion that this is, that this is a case for a departure from the guidelines. None of the items argued by Mr. Powell are persuasive to the Court. You had all sorts of other opportunities to deal with the situation other than by killing the individual.
 
 
 13
 Even if the Court accepts that it was his shank, even if the Court accepts that he had threatened, even if the Court accepts that you had some concern: the fact is you had the shank. And as long as you had the shank, he couldn't use it against you. You used it against him.
 
 
 14
 The fact that Mr. Powell argues you were surprised he was dead: I'm surprised you were surprised, given the number of times he was stabbed and the size of the shank. I cannot imagine that there would be any doubt about that. I suppose, if anything, you'd be surprised that he ran away.
 
 
 15
 So the Court will not, will not depart from the guidelines under the circumstances.
 
 
 16
 Adams further argues that the Sentencing Guidelines are unconstitutionally violative of the doctrine of separation of powers. The Supreme Court has disposed of the argument in a manner adverse to Adams. Mistretta v. United States, --- U.S. ----, 109 S.Ct. 647 (1989).
 
 
 17
 Finally, Adams contends that the district court erred by amending its judgment to recommend a new place of incarceration. He also appears to suggest that the recommendation was ignored since Adams is still at Lorton.
 
 
 18
 A trial judge's nonbinding recommendation as to place of incarceration, even if untimely, is an unlikely source of reversible error, particularly if it is ignored. Even if Adams was transferred, however, the court did not err in its recommendation. "[A] trial court has the power to recall a defendant who [has] already been sentenced and to impose a sentence different from that already imposed." United States v. Lundien, 769 F.2d 981, 984 (4th Cir.1985), cert. denied, 474 U.S. 1064 (1986). "The only limitation upon the court's power is that the sentence may not be increased if a fine has been paid or if the defendant has entered upon the service of a term of imprisonment." Id. at 984. At the time the judgment was amended, Adams was still serving a previously imposed term of imprisonment for another crime, not scheduled to terminate before a date in the 1990's at the earliest. As he had not commenced serving the sentence with which we are here concerned, the amendment of the recommendation was proper.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 The factors suggested were "size and strength of the victim, the persistence of the victim's contact and any efforts by the [defendant] to prevent the confrontation, the danger reasonably perceived by the [defendant], including the victim's reputation for violence, [and] the danger actually presented to the [defendant] by the victim."