**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carrol Lee MORROW,
Defendant–Appellant.**

No. 90–5336.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 11, 1991.

Decided Feb. 20, 1991.

Harold J. Bender, Bender & Matus, Charlotte, N.C., for defendant-appellant.

Gretchen Shappert, Asst. U.S. Atty., argued (Thomas J. Ashcraft, U.S. Atty., Frank D. Whitney, Robert J. Conrad, Jr., Asst. U.S. Attys., Charlotte, N.C., on brief), for plaintiff-appellee.

Before WIDENER and CHAPMAN, Circuit Judges, and COPENHAVER, United States District Judge for the Southern District of West Virginia, sitting by designation.

CHAPMAN, Circuit Judge:

Carrol Lee Morrow appeals his conviction and the sentence he received for violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon. He asserts (1) that the trial judge denied him a fair trial by questioning two law enforcement officers so as to strengthen their in-court identification of him, (2) that the trial judge erred by failing to dismiss the indictment because of a variance between the proof at trial and the allegations of the indictment as to the identification of the weapon, and (3) that the trial judge erred by increasing the appellant's base offense level by three after finding that the appellant had assaulted a law enforcement officer in a manner that created a substantial risk of serious bodily injury to the officer. We find no merit to the claims of error at trial, but we remand for resentencing because the three level increase was not authorized under the Sentencing Guidelines in effect at the time of the offense.

## I

On August 10, 1989, Charlotte Police Sergeant Mulhall was on duty and driving his police vehicle on Kirkwood Street in Charlotte, North Carolina when he observed the appellant, whom he knew to be an intravenous drug user. When appellant saw Mulhall, he stuffed something into his pocket. Mulhall was in police uniform at the time. He stopped, got out of his vehicle, and approached appellant. He saw what he believed to be a needle and a syringe. When Mulhall reached for appellant's pocket, appellant pulled the syringe out of his pocket and a struggle ensued. Another police officer arrived shortly, and Morrow was subdued. While he was being handcuffed, a pistol fell from his clothing to the ground. It was identified as a Raven Arms, .25 caliber automatic pistol, model MP-25, with serial No. 1471316.

Thereafter Morrow was indicted by the federal grand jury of two counts, one for possession of a firearm by a convicted felon and the second for using and carrying a firearm during a drug trafficking crime. At trial, during jury selection, the government agreed to dismiss the second count of the indictment and the defendant went to trial on the charge of possession of a firearm by a convicted felon.

During the course of the trial, the two police officers who had arrested Morrow were called as witnesses. Neither officer was asked if he saw the defendant in the courtroom until this question was asked by the court of each witness. At the conclusion of the government's case-in-chief and at the close of all the evidence, defense counsel moved to dismiss the indictment because the evidence showed the firearm had a serial number of 1471316 while the indictment alleged possession of a firearm with serial number 471316. The trial judge classified this difference as a typographical error and not a significant variance and the motion was denied.

Morrow was convicted of possession of a firearm by a convicted felon, and at sentencing on March 26, 1990, the trial judge found that he had knowingly assaulted a police officer. The trial judge also found that use of the syringe and needle created a substantial risk of serious bodily injury to the two police officers, and the court increased Morrow's offense level by three under the provisions of U.S.S.G. § 3A1.2. This increased the range of sentence from

12 to 18 months to a minimum of 21 months and a maximum of 27 months. Appellant was sentenced to 26 months and appealed.

## II

■ We find no merit to appellant's claim that he was denied a fair trial because of two questions asked by the court to each of the police officers. In connection with each of these witnesses, the court asked if the witness saw the defendant in the courtroom, and when the witness answered affirmatively the court asked where the defendant was seated and what he was wearing. The witnesses pointed to and identified the defendant.

■ Appellant argues that without this testimony he would have been entitled to a judgment of acquittal because he had never been properly identified. We cannot adopt such a strained view of the evidence. Officer Mulhall identified Morrow by name in answer to a question on cross-examination. The two questions by the trial judge were not necessary to complete the proof of the government's case. The judge did not unduly interject himself into the trial proceedings. As we stated in *United States v. Cole,* 491 F.2d 1276, 1278 (4th Cir.1974),

> It is, of course, settled beyond doubt that in a federal court the judge has the right, and often an obligation, to interrupt the presentations of counsel in order to clarify misunderstandings or otherwise insure that the trial proceeds efficiently and fairly.

In *Simon v. United States,* 123 F.2d 80 (4th Cir.), *cert. denied,* 314 U.S. 694, 62 S.Ct. 412, 86 L.Ed. 555 (1941), we stated:

> It cannot be too often repeated, or too strongly emphasized, that the function of a federal trial judge is not that of an umpire or a moderator at a town meeting. He sits to see that justice is done in the cases heard before him; and it is his duty to see that a case on trial is presented in such a way as to be understood by the jury, as well as by himself.

*Id.* at 83.

■ It has also been held that courtroom identification is not necessary when the evidence is sufficient to permit the inference that the defendant on trial is the person who committed the crime. *See United States v. Capozzi,* 883 F.2d 608 (8th Cir.1989). The record is sufficient to permit such an inference in the case before us. The trial judge did not abuse his discretion in asking the questions, and the asking of the two questions did not result in an unfair trial.

## III

■ The omission of the first digit in a seven digit serial number of a firearm set forth in an indictment does not result in a substantial amendment to the indictment or a prejudicial variance in proof when corrected at trial. Such a variance goes to form and not to substance, and the difference did not reduce the government's burden of proof at trial. Our circuit has concerned itself with whether an amendment to the indictment or a variance between the allegations of the indictment and the proof presented at trial "affect the substantive rights of the accused." This is set forth in *United States v. Holt,* 529 F.2d 981 (4th Cir.1975), as follows:

> An indictment is amended only when it is so altered as to charge a different offense from that found by the grand jury. Therefore, the true inquiry is "whether there has been such a variance as to 'affect the substantive rights' of the accused." In reaching this determination, the primary consideration is the role of the indictment in informing the defendant of the charges in order that he may prepare his defense and in protecting the defendant against another prosecution for the same offense.

*Id.* at 983 (footnotes omitted).

The precise issue was decided in *United States v. Neff,* 525 F.2d 361, 363 (8th Cir. 1975): "[T]he change of a weapon's serial number in this indictment does not require dismissal. Correction of a typographical error which goes to form rather than the substance of the indictment is permissible." The addition of a "1" as the first digit of the serial number alleged in the indictment

was to correct an obvious typographical error as the trial judge properly held.

## IV

■ At sentencing the trial judge found: I believe that under 3A1.2(b), during the course of the offense or the immediate flight therefrom, the defendant or the person whose conduct has been or is otherwise accountable as knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer in a manner creating substantial risk of serious bodily injury—if you had stuck him with that needle, I think you would have probably had some serious bodily injury in view of our aids epidemic and all the other matters. So I am going to increase the level three levels. As far as departure is concerned, I'm not going to do that, I don't think this case warrants that. So I'm going to increase it up to 12, Category 4 which is 21 to 27 months.

Morrow's offense occurred on August 10, 1989 and he was indicted on October 11, 1989. At the time of his offense and his indictment, U.S.S.G. § 3A1.2 provided:

*Official Victim*

If the victim was any law-enforcement or corrections officer, any other official as defined in 18 U.S.C. § 1114, or a member of the immediate family thereof, and the crime was motivated by such status, increase by 3 levels.

Subsection (b) to § 3A1.2 did not come into existence until the amendments effective November 1, 1989 and states:

If—

(b) during the course of the offense or immediate flight therefrom, the defendant or a person for whose conduct the defendant is otherwise accountable, knowing or having reasonable cause to believe that a person was a law enforcement or corrections officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury, increase by 3 levels.

The United States Sentencing Guidelines in Chapter 3, Part A provide for "victim-relat-

ed adjustment." If there is a victim for violation of 18 U.S.C. § 922(g)(1), it is society. Morrow was charged only with being a felon in possession of a firearm. He was not charged with assault on a police officer. Although he was originally indicted under 18 U.S.C. § 924(c)(1) of using and carrying a firearm during a drug trafficking crime, this charge was dismissed prior to trial.

The section in effect at the time of the offense required that "The crime was motivated by such status [as a police officer]." The defendant was convicted as a felon in possession of a firearm. His crime was not motivated by the status of the police officers who arrested him.

The sentencing judge made reference to § 3A1.2(b) in his findings to support the 3 level increase. His findings under § 3A1.2(b) are supported by the facts, but this section was not effective until after the crime was committed and the indictment returned.

Although the Sentencing Reform Act of 1984, 18 U.S.C. § 3553(a)(4) and (5), states that in imposing sentences courts should consider guidelines and policy statements issued by the Sentencing Commission that are in effect on the date of sentencing, use of § 3A1.2(b), which was not in effect at the time appellant committed the crime of which he stands convicted, creates an ex post facto problem because his offense level could be and was increased by 3 under new § 3A1.2(b). The ex post facto clause prohibits a law that aggravates the crime or inflicts a greater punishment than the law annexed to crime, when committed. *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798). The Supreme Court in *Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), held that the ex post facto clause precluded the use at sentencing of a more punitive Florida sentencing guideline amendment that took effect subsequent to the date of the offense.

The Fifth Circuit in *United States v. Suarez*, 911 F.2d 1016 (5th Cir.1990), held the ex post facto clause prevented application of amended § 1B1.3 to a defendant whose offense occurred prior to the effec-

tive date of the amendment which exposed defendant to increased punishment.

In its publication of December 1, 1990, "Questions Most Frequently Asked About the Sentencing Guidelines" Volume IV, the United States Sentencing Commission called attention to the ex post facto problem presented when the guidelines are amended to increase levels or raise specific offense characteristics subsequent to the date of the crime.

It is obvious that the appellant's sentence was increased because the sentencing court applied the 3 level increase authorized by § 3A1.2(b). This section of the Guidelines came into effect subsequent to the date of appellant's offense, and it may not be used to increase his sentence. Therefore, appellant must be resentenced without consideration or application of § 3A1.2(b).

The conviction of Carrol Morrow is affirmed and the case is remanded to the district court for resentencing.

AFFIRMED AND REMANDED.