976 F.2d 727
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Terence Durrell CAMPBELL, Defendant-Appellant.
 No. 91-5899.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 23, 1992
Decided: October 5, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-91-30)
 Farris A. Duncan, Goldsboro, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, Richard B. Conely, Senior Assistant United States Attorney, Raleigh, North Carolina, for Appellees.
 E.D.N.C.
 Vacated and remanded.
 Before WIDENER, SPROUSE, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Terence Durrell Campbell pled guilty to two charges of bank robbery, 18 U.S.C. § 2113 (1988 & Supp. II). He challenges the extent of the district court's upward departure from the sentencing guideline range. We agree that the sentence should be vacated and remand for resentencing.
 
 
 2
 Campbell committed the instant offenses in April 1991. In calculating his criminal history category, the probation officer used the November 1990 guidelines manual and assigned three points for three prior convictions which were consolidated for sentencing in 1985. United States Sentencing Commission, Guidelines Manual, §§ 4A1.1(a), 4A1.2(a)(2), comment. (n.3) (Nov. 1990). The probation officer noted that two of these convictions were for crimes of violence (robbery and kidnapping) and that, had they not been consolidated for sentencing, Campbell would have been classified as a career offender.
 
 
 3
 Campbell was sentenced on November 18, 1991, after the 1991 amendments to the guidelines went into effect. Amendments which are in effect on the date of sentencing should be used in determining the sentence unless the amendment has increased the punishment. 18 U.S.C. § 3553(a)(4) (1988); United States v. Morrow, 925 F.2d 779 (4th Cir. 1991). Had Campbell's criminal history been calculated under the new version of guideline section 4A1.1(f), he would have received one additional point for the kidnapping conviction, giving him a total of eight criminal history points, but leaving him still in category IV, with no change in the guideline range.
 
 
 4
 Because section 4A1.1(f) was in effect on the date Campbell was sentenced and it instructs the sentencing court how to deal with prior related crimes of violence, failure to apply this section constitutes plain error which we review under Fed. R. Crim. P. 52(b). We therefore vacate the sentence and remand the case for resentencing using the guidelines as amended on November 1, 1991. We express no opinion on whether an upward departure might be justified under section 4A1.3. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED