989 F.2d 495
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Larry Alan COX, Defendant-Appellant.
 No. 92-5404.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 8, 1993
Decided: March 24, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Samuel G. Wilson, District Judge. (CR-92-1-A)
 Hope Dene, Dene & Dene, Abingdon, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Roanoke, Virginia; S. Randall Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS, NIEMEYER, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Larry Alan Cox was charged with four counts of being a felon in possession of a firearm (18 U.S.C.A. § 922(g)(1) (West Supp. 1992)) on different dates between September 3, 1989, and November 15, 1990. Cox entered a guilty plea to Count Three, which alleged that he possessed a firearm in August 1990. The district court imposed a sentence of thirty-six months, departing upward from the guideline range of twenty-four to thirty months on the ground that criminal history VI was inadequate.
 
 
 2
 Cox appeals the sentence imposed, contending that the district court sentenced him under the wrong version of the guidelines, failed to resolve all objections to the presentence report, and departed upward without adequate notice or justification. We affirm.
 
 
 3
 Cox filed seventeen objections to the presentence report. Principally, he objected to the use of the November 1989 guidelines rather than the October 1988 guidelines to compute his sentence, and to the assignment of criminal history points for certain prior sentences which he alleged were outside the applicable time period. At the sentencing hearing, defense counsel argued that the October 1988 guidelines should apply; the earlier version provided a lower offense level. The district court noted that it had received the objections that morning, and asked whether there were any objections unrelated to the primary objection. Defense counsel responded, inaccurately, that there were not.
 
 
 4
 The district court then ruled that the November 1989 guidelines applied because they were in effect on the date the offense of conviction was committed.* Defense counsel did not raise the objections to the criminal history computation at any time during the sentencing. Because only one issue was brought to the district court's attention, Cox has waived appellate review of other issues relating to the sentence calculation. United States v. Davis, 954 F.2d 182 (4th Cir. 1992). The district court correctly held that the guidelines applicable to the offense of conviction should be used. United States Sentencing Commission, Guidelines Manual, § 1B1.2(a) (Nov. 1991). We find no plain error in the criminal history calculation. Although Cox disputed the dates on which certain prior sentences were imposed, no evidence was produced to show that the dates in the presentence report were inaccurate. Cox had the burden of making this showing. United States v. Terry, 916 F.2d 157 (4th Cir. 1990).
 
 
 5
 Although Cox maintains that the district court departed above the guideline range without giving adequate notice, he was alerted before sentencing to the possibility of an upward departure. The probation officer recommended that a departure might be warranted because of Cox's lifelong pattern of criminal activity. This was sufficient notice under Burns v. United States, 59 U.S.L.W. 4625, 4627 (U.S. 1991).
 
 
 6
 Because guideline section 4A1.3 authorizes a departure when a defendant's criminal history category does not adequately reflect the seriousness of his past criminal conduct or the likelihood that he will commit further crimes, United States v. Summers, 893 F.2d 63, 67 (4th Cir. 1990), we review only the determination that a departure was necessary in this case and the extent of the departure. Id.
 
 
 7
 Cox's criminal history contains items which are of the type listed in section 4A1.3 as indications of an inadequate criminal history category. These include:
 
 
 8
 (1)Two convictions for driving under the influence, and convictions for possession of marijuana and drug paraphernalia which occurred during the period he was in possession of the firearms (U.S.S.G. § 4A1.3(d) (other charges pending trial or sentencing at time of instant offense)); and
 
 
 9
 (2)Two "old" convictions for forgery which were not counted in calculating the criminal history category, but would have added 6 more points (U.S.S.G.
 
 
 10
 § 4A1.3(a) (prior sentences not used in computing criminal history category)).
 
 
 11
 In addition, Cox was charged with vandalism, drunk driving, and driving on a revoked license after he was charged and released on bond in the current offense. He also has had an unspecified number of misdemeanor convictions since 1972, including nine bad check charges, public drunkenness, and improper driving. On these facts, we find that the district court's decision that a departure was appropriate was not clearly erroneous.
 
 
 12
 Since the date Cox was sentenced, this Court has explained the procedure to be used in determining an appropriate departure above category VI. United States v. Cash, F.2d, No. 91-5869, 1992 WL 365342 (4th Cir. Dec. 14, 1992). The district court may extrapolate from the existing sentencing table either by formulating additional criminal history categories or by moving down the offense table until it finds a guideline range which fits the case. Finding the right offense level may be easier than attempting to formulate a higher criminal history category because the criminal history categories in the existing table do not follow a straight-line progression. Cash, slip op. at 6 n.6.
 
 
 13
 Here, the district court guessed that eighteen criminal history points would put Cox in category eight. The court determined that an increase of two offense levels would provide an appropriate guideline range. This procedure substantially complies with the one described in Cash. The six-month departure thus was not an abuse of discretion.
 
 
 14
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The November 1991 guidelines, which were in effect on the date of sentencing, again increased the base offense level, and apparently were not used to avoid an ex post facto problem. United States v. Morrow, 925 F.2d 779 (4th Cir. 1991)