**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4283

PAUL H. RIPLEY, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-96-76-AW)

Submitted: March 31, 1998

Decided: April 30, 1998

Before MICHAEL and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul F. Kemp, Rockville, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, David I. Salem, Assistant United
States Attorney, Brent J. Gurney, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Paul H. Ripley, Jr., pled guilty to tax evasion, see 26 U.S.C. § 7201 (1994), and was sentenced to a term of ten months incarceration. Ripley's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but indicating that, in his view, there are no meritorious issues for appeal. Ripley has been informed of his right to file a pro se supplemental brief, but he has not filed a brief. After a thorough review of the record, we affirm.*

Ripley's attorney asserts that the district court may have clearly erred in denying his client an adjustment for acceptance of responsibility, see U.S. Sentencing Guidelines Manual § 3E1.1 (1990). However, he acknowledges that, while Ripley admitted failing to file a tax return in 1991 and causing his employer to file a false Internal Revenue form W-4, he refused to admit that he owed any tax for that year. To earn a reduction for acceptance of responsibility, a defendant must admit guilty intent as well as the acts committed. See United States v. Castner, 50 F.3d 1267, 1280 (4th Cir. 1995). Therefore, the district court did not clearly err in denying Ripley the adjustment.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We note that the plea agreement specified that the 1990 Guidelines Manual would be used to avoid an ex post facto problem. See United States v. Morrow, 925 F.2d 779, 782-83 (4th Cir. 1991). The applicable guideline, USSG § 2T4.1 (tax loss table) was amended in 1993 to increase deterrence for tax offenses and the offense level for Ripley's offense would have been

_____

*Ripley was released from custody in February 1998. Because the Anders appeal implicates the validity of his guilty plea, the appeal is not moot.

2

higher under the 1995 guideline. In the presentence report, the probation officer stated that the 1995 guidelines were applied; however, the lower offense level was used, indicating that the 1990 guideline was actually applied.

We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

3