**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4967

CURTIS LEE STYLES,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., District Judge.
(CR-90-277-WS)

Submitted: May 19, 1998

Decided: September 2, 1998

Before WILKINS and WILLIAMS, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Paul A. Weinman, Assistant United States Attorney,
Michael Chandler, Third Year Law Student, Winston-Salem, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Curtis Styles pled guilty in 1991 to conspiring to possess with intent to distribute cocaine and heroin in violation of 21 U.S.C. § 846 (1994), and was sentenced to a term of seventy months imprisonment and five years supervised release. He began serving his term of supervised release in 1996 and was subsequently convicted in North Carolina state court of possessing with intent to sell and deliver cocaine. Because the new criminal conduct was a violation of the conditions of Styles' supervised release, the district court revoked his supervised release and sentenced him to a term of fifty-one months imprisonment consecutive to his state sentence. Styles appeals claiming that the court's acceptance of the sentencing guidelines recommendation, when the court was under no obligation to do so, constitutes an abdication of discretion. We disagree.

At the revocation hearing, Styles asserted that the court had broad discretion in fashioning a sentence because Styles' original conviction occurred in 1990 when no revocation table existed. [1] Styles also requested that his sentence be concurrent with the state sentence he was currently serving.[2] The government opposed a concurrent sentence. The court considered Styles' argument, but the court found the sentence recommended in the guidelines revocation table to be appropriate and reasonable.[3] Our review of the record indicates that the court was aware that it did not have to sentence Styles within the

_____

[1] **See United States v. Morrow**, 925 F.2d 779, 782 (4th Cir. 1991) (noting that a defendant is to be sentenced under guideline in effect on date of sentencing).

[2] **See United States v. Davis**, 53 F.3d 638, 641 n.9 (4th Cir. 1995) (stating that Guidelines policy statements are not binding in revocation proceedings).

[3] See U.S. SENTENCING GUIDELINES MANUAL, § 7B1.4, p.5. (1997).

guideline range of the revocation table or impose a consecutive sentence; however, it found such a sentence appropriate and sentenced Styles accordingly. Thus, the district court exercised its discretion in sentencing Styles to a consecutive fifty-one month sentence of incarceration.[4]

Finally, Styles appeals a discrepancy between the district court's oral sentence given in his presence and its written order of judgment. When there is a conflict between a written order of sentence and an oral sentence, the latter is controlling, and the proper remedy is for the district court to correct its written judgment so that it conforms to its oral pronouncement.[5] Because the written order is incorrect, we must remand the case to the district court so that it can correct its written order to reflect the oral sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED

_____

[4] See 18 U.S.C. § 3584(a) (1994); U.S.S.G. § 7B1.3(f), p.s.
[5] See United States v. Morse, 344 F.2d 27, 30 (4th Cir. 1965); Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir. 1962).