**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4020

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARK ANTHONY STROUPE,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (CR-03-894)

Submitted:  August 16, 2006      Decided:  September 13, 2006

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark Anthony Stroupe, Appellant Pro Se.  Michael Rhett DeHart,
Assistant United States Attorney, Charleston, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Mark Anthony Stroupe pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 371, 1343 (2000). The district court sentenced Stroupe to fifty-seven months' imprisonment. Stroupe appeals, proceeding pro se.

Stroupe claims the Government breached the plea agreement by purportedly not allowing him to be debriefed, which in turn deprived him of the opportunity to receive a downward departure. He also takes issue with the Government's seeking of sentencing enhancements that increased his total offense level beyond the stipulated level of nineteen.[1] Plea agreements are interpreted according to contract law, and "'each party should receive the benefit of its bargain.'" United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994) (quoting United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993)). Here, the parties agreed that Stroupe would be fully truthful and forthright; otherwise, the Government's obligations under the plea agreement would become null and void. Additionally, the parties agreed that the Government retained the sole discretion to determine whether Stroupe had been fully

_____

[1]Stroupe also contends, in conclusory fashion, that he was prejudiced by an Internal Revenue Service agent's alleged false statements before the grand jury and by the fact that he pled guilty before the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), but was sentenced after Booker, thus rendering his guilty plea as unknowing. We reject both contentions as meritless.

- 2 -

truthful and forthright. Stroupe frustrated the Government's efforts to debrief him by attempting to limit the scope of the questioning, and claimed in an objection to the presentence report that he never guaranteed his financial services were safe and without risk, in the face of evidence plainly contradicting this claim. The Government acted within its discretion in determining that Stroupe was not compliant with the bargained terms of the plea agreement, and the district court properly rejected Stroupe's motion to enforce the Government's obligations under the agreement.[2]

Stroupe also challenges his sentence. First, he contends that his sentence should be evaluated as if it were imposed prior to United States v. Booker, 543 U.S. 220 (2005), because he entered into the plea agreement and pled guilty prior to the Supreme Court's opinion in that case. Therefore, Stroupe maintains that he was entitled to application of a reasonable doubt standard at sentencing, despite the fact that the district court recognized the sentencing guidelines were advisory in light of Booker. Regardless of when Stroupe entered into the plea agreement, the district court was entitled to make the relevant factual findings by a preponderance of the evidence when, as here, the guidelines were

---

[2]Although Stroupe styled his motion in part as an attempt to withdraw from the plea agreement, it appears that he sought specific performance of its terms. At the sentencing hearing, Stroupe reaffirmed that he did not wish to withdraw his guilty plea.

applied in an advisory manner.  See <u>United States v. Dalton</u>, 409

F.3d 1247, 1252 (10th Cir. 2005); <u>United States v. Mares</u>, 402 F.3d

511, 519 (5th cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005); <u>see also</u>

<u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005), <u>cert.</u>

<u>denied</u>, 126 S. Ct. 2309 (2006) (consistent with <u>Booker</u>, "a district

court shall first calculate (after making the appropriate findings

of fact) the range prescribed by the guidelines").  Furthermore,

Stroupe's contention is futile because the district court

explicitly noted at sentencing that it found the challenged

enhancements to be appropriate by either a preponderance of the

evidence or beyond a reasonable doubt.

Next, Stroupe challenges the factual basis for the

offense level enhancements corresponding to the amount of loss,

pursuant to <u>U.S. Sentencing Guidelines Manual</u> ("USSG") § 2F1.1

(1998),[3] and his leadership role in the offense, pursuant to USSG

§ 3B1.1(c).  We review a district court's factual findings at

sentencing for clear error and its legal conclusions, including its

interpretation and application of the sentencing guidelines, de

novo.  <u>United States v. Allen</u>, 446 F.3d 522, 527 (4th Cir. 2006);

<u>United States v. Collins</u>, 415 F.3d 304, 315 (4th Cir. 2005).

---

[3]Although USSG § 2F1.1 was deleted in 2001 and its provisions consolidated with USSG § 2B1.1, <u>see</u> USSG App. C, amend. 617, the pre-amendment guidelines applied to Stroupe's case to avoid an ex post facto violation.  <u>See</u> <u>United States v. Morrow</u>, 925 F.2d 779, 782-83 (4th Cir. 1991).

We first turn to the amount of loss, which is generally a factual question reviewed for clear error. Hughes, 401 F.3d at 557. "[T]he loss need not be determined with precision," and "[t]he court need only make a reasonable estimate of the loss, given the available information." USSG § 2F1.1, comment. (n.9). We conclude the district court made a reasonable estimate. The parties submitted a voluminous record with respect to the amount of loss, and the district court calculated the amount of loss more conservatively than the presentence report recommended. The district court did not commit clear error in finding this amount of loss. See Allen, 446 F.3d at 527.

Moreover, the sentencing enhancement under USSG § 3B1.1(c) was appropriate. "An upward departure may be warranted . . . in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization." The district court found that Stroupe exercised management responsibility over the property, assets, or activity of his criminal organization. This finding was not clearly erroneous. See id..

Next, Stroupe contends his fifty-seven-month sentence, at the top of the sentencing guidelines range and within the statutory maximum of sixty months' imprisonment, was unreasonable because the district court allegedly failed to provide an adequate statement of

reasons, failed to consider all of the relevant factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and imposed a sentence that was greater than necessary to achieve the purposes of sentencing.  In a post-Booker sentencing, district courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and § 3553(a), and impose a sentence.  United States v. Green, 436 F.3d 449, 455-56 (4th Cir.) (citing Hughes, 401 F.3d at 546).  However, "a district court need not explicitly discuss every § 3553(a) factor on the record," United States v. Eura, 440 F.3d 625, 632 (4th Cir. 2006), petition for cert. filed (U.S. June 20, 2006) (No. 05-11659), nor must it "robotically tick through § 3553(a)'s every subsection," United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).  "[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable." Green, 436 F.3d at 457 (internal quotation marks and citation omitted).  We conclude that Stroupe has failed to rebut the presumption that his sentence was reasonable.

Finally, Stroupe argues that his sentence violates the Ex Post Facto Clause because he pled guilty prior to Booker, when the guidelines were applied as mandatory, and he was sentenced post-Booker, under the current advisory guidelines scheme.  At the guilty plea hearing, Stroupe was advised of the statutory maximum of five years' imprisonment; the statutory maximum did not change

- 6 -

between his guilty plea and the sentencing hearing, and he was sentenced below this maximum punishment. See United States v. Williams, 444 F.3d 250, 254 (4th Cir. 2006) (ruling defendant had fair warning that distributing cocaine base was punishable by a prison term of up to twenty years, as spelled out in the United States Code); United States v. Davenport, 445 F.3d 366, 369-70 (4th Cir. 2006) (ruling that retroactive application of remedial holding of Booker did not violate Ex Post Facto Clause; defendant was on notice of statutory penalty when he committed crime). When he committed the crime, and as later reaffirmed at his guilty plea hearing, Stroupe was on notice that the maximum statutory penalty was five years' imprisonment; this is all that is required to satisfy the concerns of fair notice embodied by the Ex Post Facto Clause. See Davenport, 445 F.3d at 370.

Stroupe has also filed a motion to correct a purported clerical error in the district court's judgment. In the motion, Stroupe claims that the six months' home detention imposed by the district court to commence his three years' supervised release term, when combined with the fifty-seven-month term of incarceration imposed by the district court, would exceed the statutory maximum of sixty months' imprisonment. However, "Congress generally views home confinement as a part of a sentence of probation or supervised release, not as imprisonment." United States v. Hager, 288 F.3d 136, 137 (4th Cir. 2002). Thus, no

- 7 -

correction of the judgment is required, and we deny Stroupe's motion.

Accordingly, we affirm the district court's judgment. We grant the Government's motion to file a supplemental appendix. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>