**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4325

HOLLY SPOHN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-95-84-V)

Submitted: December 14, 1999

Decided: January 10, 2000

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Kenneth M. Smith, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Holly Spohn appeals from a fifteen-month sentence imposed following her convictions for two counts of causing a false entry to be made into the records of a federally insured bank, 18 U.S.C. § 1005 (1994), and one count of embezzling and misapplying federally insured money from that bank, 18 U.S.C.A. § 656 (West Supp. 1999). We have reviewed the record, find no reversible error, and affirm.

Spohn contends that the Government did not present evidence to support its allegation that she was an employee of First Union National Bank and that the evidence was therefore insufficient to support her convictions under 18 U.S.C. § 1005. To secure a conviction under this statute, the Government need not prove that the defendant belonged to any particular class of individuals or that the defendant was connected to the bank in any capacity. See United States v. Edick, 432 F.2d 350, 352 (4th Cir. 1970). Therefore, any allegation that Spohn was an employee of First Union National Bank was unnecessary to the indictment and constituted surplusage that the Government was not required to prove. See United States v. Miller, 471 U.S. 130, 136-37 (1985).

Spohn further contends that the Government did not present evidence to support its allegation that she was an employee of First Union National Bank and that the evidence was therefore insufficient to support her conviction under 18 U.S.C.A. § 656. The evidence at trial established that Spohn belonged to the class of persons eligible for prosecution under this statute. Thus, we find that any variance between the type of agency relationship alleged in the indictment and proved at trial did not constructively amend the indictment. See United States v. Redd, 161 F.3d 793, 795-96 (4th Cir. 1998), cert. denied, ___ U.S. ___, 119 S. Ct. 1371 (1999). Our review of the record also demonstrates that Spohn was more than adequately informed of the nature of the charges against her and suffered no prejudice from this variance. See id.

Accordingly, we affirm Spohn's convictions and sentence. We dispense with oral argument because the facts and legal contentions are

2

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3