UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  v.

LONNIE R. GIBSON,
  *Defendant-Appellant.*

No. 00-4378

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  v.

E. CAROL GIBSON,
  *Defendant-Appellant.*

No. 00-4379

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-99-92)

Submitted: October 31, 2000

Decided: November 17, 2000

Before WIDENER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Brian J. Kornbrath, Assistant Federal Public Defender, Michael R. Cline, Charleston, West Virginia, for Appellants. Rebecca A. Betts, United States Attorney, L. Anna Crawford, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Lonnie R. Gibson and E. Carol Gibson appeal their convictions for mail fraud, perjury, and use of fire to commit a federal felony. On appeal, the Gibsons contend that: (1) the district court abused its discretion in admitting the prior consistent statement of a Government witness; (2) there was a constructive amendment of the indictment; and (3) the district court erred in ordering restitution for the legal expenses incurred by State Farm General Insurance Company ("State Farm") in defending the civil action brought by the Gibsons. We affirm.

A trial court's decisions regarding the admission and exclusion of evidence are reviewed for an abuse of discretion. *See United States v. Ellis*, 121 F.3d 908, 926 (4th Cir. 1997). The prior consistent statements at issue on appeal are admissible for the purposes of rehabilitating the Government's witness as well as for rebutting the inference of recent fabrication generated by defense counsel's cross-examination of the witness. *See Ellis*, 121 F.3d at 919-20.

We find that there was no constructive amendment or fatal variance between the facts proven at trial and the crimes charged in the indictment. The Gibsons were convicted of the mail fraud charge contained in the indictment. *See United States v. Randall*, 171 F.3d 195, 203

(4th Cir. 1999). The alleged error in the indictment was one of form rather than substance and did not affect the essential elements of mail fraud or the Government's burden of proof. *See United States v. Redd*, 161 F.3d 793, 795 (4th Cir. 1998). The Gibsons were not prejudiced by any variance between the evidence and the indictment as they were not surprised by the evidence, and they do not face a second prosecution based on the same conduct. *See Randall*, 171 F.3d at 203.

Finally, the Gibsons's civil action against State Farm was an integral part of their scheme to defraud the company such that State Farm's legal expenses were a direct or closely related loss. *See United States v. Henoud*, 81 F.3d 484, 488 (4th Cir. 1996); *cf. United States v. Mullins*, 971 F.2d 1138 (4th Cir. 1992). Thus we find that the legal expenses incurred by State Farm were properly included in the district court's restitution order. *See United States v. Mikolajczyk*, 137 F.3d 237, 245-46 (5th Cir. 1998).

Accordingly, we affirm the Gibsons' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*