**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

HEZEKIAH BERNARD DRAYTON, a/k/a
Little Bee,

*Defendant-Appellant.*

No. 02-4234

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-98-751)

Submitted: September 27, 2002

Decided: November 7, 2002

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

David G. Pagliarini, HINCHEY, MURRAY & PAGLIARINI, L.L.C.,
Charleston, South Carolina, for Appellant. J. Strom Thurmond, Jr.,
United States Attorney, William Witherspoon, Assistant United States
Attorney, Ann Agnew Cupp, OFFICE OF THE UNITED STATES
ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Hezekiah Bernard Drayton appeals his jury convictions of conspiracy to obstruct commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2000); obstruction of commerce by robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (2000); using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1) (2000); and possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) (2000). The district court sentenced Drayton to two terms of life imprisonment and one term of thirty years' imprisonment to be served concurrently, and a consecutive term of five years' imprisonment. Drayton argues the evidence was insufficient to support his § 1951 convictions, the Government did not provide proper notice of its intent to subject Drayton to enhanced penalties, and his two firearms convictions are infirm because no specific weapon was alleged in the indictment or charged to the jury. Finding no reversible error, we affirm.

Drayton contends the evidence was insufficient to support his § 1951 convictions because the evidence did not establish a nexus between the offense and interstate commerce. The jury verdict must be sustained if, when construed in the light most favorable to the government, there is substantial evidence to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc). "This court has stated that the jurisdictional predicate of the Act [§ 1951] 'may be satisfied though the impact upon commerce is small, and it may be shown by proof of probabilities without evidence that any particular commercial movements were affected.'" *United States v. Bailey*, 990 F.2d 119, 125 (4th Cir. 1993) (quoting *United States v. Brantley*, 777 F.2d 159, 162 (4th Cir. 1985)).

To satisfy the interstate commerce nexus under a depletion of assets theory there must be a reasonable probability Drayton's acts would have the effect of depleting the assets of an entity engaged in interstate commerce. *United States v. Bengali*, 11 F.3d 1207, 1212 (4th Cir. 1993); *United States v. Buffey*, 899 F.2d 1402, 1404 (4th Cir. 1990). The victim of the robbery, who was the owner of "The Winery," testified as to the amount of money taken and the scope of The Winery's commercial activities. We conclude this evidence was sufficient to support Drayton's convictions under § 1951.

Second, Drayton argues the Government failed to provide proper notice of its intent to seek enhanced penalties on counts one and two. The Government initially filed an information notifying Drayton it intended to seek enhanced penalties as provided in 18 U.S.C. § 3559 (2000); however, it did not re-file its information after a second superseding indictment. To seek enhanced penalties under § 3559 based on a defendant's prior convictions, the Government must file an information giving its notice to seek such penalties prior to trial or the entry of a guilty plea. *See* 18 U.S.C. § 3559(c)(4); 21 U.S.C. § 851 (2000). Drayton does not contend the Government's initial filing was inadequate. We find the Government gave Drayton proper notice of its intent to seek enhanced penalties. *United States v. Williams*, 59 F.3d 1180, 1185 (11th Cir. 1995); *United States v. Wright*, 932 F.2d 868, 882 (10th Cir. 1991).

Drayton argues the indictment as to counts four and six was insufficient because it did not allege a specific firearm. An indictment is sufficient when it contains the elements of the charged offense, fairly informs a defendant of the charges against him, and enables him to plead double jeopardy in defense of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974). We find the indictment was sufficient to comply with these criteria.

Drayton further argues the jury was required to be unanimous as to the specific firearm involved. We disagree. *See United States v. Verrecchia*, 196 F.3d 294, 300-01 (1st Cir. 1999); *United States v. Redd*, 161 F.3d 793, 796-97 (4th Cir. 1998).

Lastly, Drayton challenges the sufficiency of the evidence as to his two firearm convictions. We conclude the evidence, taken in the light

most favorable to the Government, is sufficient to sustain the convictions. *See United States v. Gallimore*, 247 F.3d 134, 136-37 (4th Cir. 2001); *United States v. Wilson*, 135 F.3d 291, 304-05 (4th Cir. 1998).

Drayton filed a motion for reconsideration of this Court's denial of his motion to stay and to substitute counsel. We deny this motion. To the extent Drayton attempts to submit a pro se supplemental brief raising claims under *United States v. Lopez*, 514 U.S. 549 (1995), and *Castillo v. United States*, 530 U.S. 120 (2000), we have reviewed the issues and determine Drayton's claims are without merit.

We deny the motion for reconsideration and affirm Drayton's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*