**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4948**

_____

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

ERIC DOBBIN,

                                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Fox, Senior
District Judge. (CR-04-70-F)

_____

Submitted:  June 27, 2005          Decided:  July 18, 2005

_____

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, James E. Todd, Jr., Research and
Writing Attorney, Raleigh, North Carolina, for Appellant.  Frank D.
Whitney, United States Attorney, Anne M. Hayes, Christine Witcover
Dean, Assistant United States Attorneys, Raleigh, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

A jury found Eric Dobbin guilty of two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2000), and two counts of using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (2000). On appeal, Dobbin contends the evidence was insufficient to support the firearms convictions. Dobbin further contends the sentence violated the rules announced in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) and <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). We affirm.

When reviewing a sufficiency-of-the-evidence claim, the verdict will be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Under § 924(c), any person is prohibited from possessing a firearm during and in relation to any crime of violence or drug trafficking crime. With respect to § 924(c), a firearm is "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm

silencer; or (D) any destructive device." 18 U.S.C. § 921(a)(3) (2000). The Government need not present expert testimony to support a § 924(c) conviction. In United States v. Redd, 161 F.3d 793, 797 (4th Cir. 1998), this Court stated that "eyewitness testimony is sufficient to prove that a person used a firearm." We find there was sufficient evidence to support the firearm convictions.

At sentencing, the district court imposed a sentence treating the sentencing guidelines as mandatory. The court also imposed an alternate sentence, as instructed by this Court's order in United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004), opinion issued by, United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004), cert. granted, judgment vacated, 125 S. Ct. 1051 (2005). The mandatory sentence and the alternate sentence were identical. Because the district court specifically imposed an alternate sentence "pursuant to 18 United States Code Section 3553(a), as directed by the Court of Appeals in United States v. Hammoud," (J.A. at 758-59), we find there was no error. The burden is on Dobbin to establish prejudice, United States v. White, 405 F.3d 208, 223 (4th Cir. 2005), which he has failed to do.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED