**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 03-4617

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE LAWSON,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge. (CR-02-215)

---

Submitted:  August 1, 2005          Decided:  November 9, 2005

---

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Joseph R. Conte, LAW OFFICES OF JOSEPH R. CONTE, P.L.L.C., Washington, D.C., for Appellant.  Thomas M. DiBiagio, United States Attorney, Mythili Raman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Willie Lawson appeals his convictions and 684-month (57-year) sentence for conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (2000), two counts of armed bank robbery in violation of 18 U.S.C. §§ 2, 2113(a), (d) (2000), and two counts of using or carrying a firearm during or in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (West 2000 & Supp. 2005).  For the reasons that follow, we affirm Lawson's convictions and sentence.

Lawson first argues that the district court erred in denying his motion to dismiss the indictment in which he asserted that this indictment charged him with the same conspiracy charge for which he was convicted in the Eastern District of Virginia. Applying the factors set forth in United States v. MacDougall, 790 F.2d 1135, 1144 (4th Cir. 1986), and considering the totality of the circumstances, we find that the evidence actually used to prosecute the earlier conspiracy offense would not be sufficient to convict Lawson of the conspiracy charged in the instant case. Therefore, the underlying prosecution does not violate double jeopardy.  See United States v. Ragins, 840 F.2d 1184, 1188 (4th Cir. 1988).

The next issue presented on appeal is Lawson's challenge to the sufficiency of the evidence to support his convictions for using and carrying a firearm.  Viewing the evidence in the light

most favorable to the government, see Glasser v. United States, 315 U.S. 60, 80 (1942), we find that the evidence was sufficient both as to Lawson's identity and to his use of a firearm. See United States v. Redd, 161 F.3d 793, 797 (4th Cir. 1998); United States v. Jones, 907 F.2d 456, 460 (4th Cir. 1990). Accordingly, we affirm the district court's denial of Lawson's motion for judgment of acquittal. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (providing standard).

Next, Lawson contends that the district court erred in denying his motion to dismiss the indictment based on alleged violations of Fed. R. Crim. P. 5 and 40. Lawson asserts that he was improperly taken to a magistrate judge in Virginia following his arrest in the District of Columbia on a warrant issued in Virginia. Rules 5(a) and 40(a) of the Federal Rules of Criminal Procedure in effect at the time of Lawson's arrest on the Virginia charge required that anyone arrested in a district other than that in which the offense was allegedly committed be taken "without unnecessary delay before the nearest available federal magistrate judge." Fed. R. Crim. P. 5(a), 40(a). Where the alleged delay does not result in unwarranted interrogation, no prejudice results, and any violation of Rule 5(a) does not require dismissal of the indictment. See United States v. Neiswender, 590 F.2d 1269, 1271-72 (4th Cir. 1979); Tarkington v. United States, 194 F.2d 63, 67-68 (4th Cir. 1952). Because Lawson does not allege any prejudice to

the underlying case from the alleged violations in his prosecution in the Virginia case, we uphold the district court's denial of his motion to dismiss the indictment. To the extent that Lawson asserts that the violations of Rule 5 and 40 in the Virginia prosecution denied him a speedy trial in this prosecution, we find no merit to that claim. See 18 U.S.C.A. 3161(c)(1) (West Supp. 2005).

Lawson next challenges the district court's imposition of a 25-year sentence on his conviction on count three of the indictment, the first § 924(c) count. He asserts that, because his § 924(c) conviction in the Virginia case was not final,[*] it could not be treated as a prior conviction at sentencing in the Maryland case. We agree with the district court that the fact that the prior conviction was on appeal did not preclude the application of the enhanced penalty provision. See Deal v. United States, 508 U.S. 129, 132 (1993); United States v. Neal, 976 F.2d 601, 602-03 (4th Cir. 1992).

In a supplemental brief, Lawson challenges his sentence on the bank robbery offenses. First, he contends that his sentence was enhanced based on judicial fact-finding, in violation of his Sixth Amendment rights. However, because the sentence imposed did not exceed the maximum sentence authorized by the jury's verdict

---

[*]A petition for certiorari was pending in the Supreme Court on the date of Lawson's sentencing in the Maryland case. The Supreme Court denied certiorari on October 6, 2003.

alone, see United States v. Evans, 416 F.3d 298, 300-01 & n.4 (4th Cir. 2005), there was no error, much less plain error.  United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005) (providing for plain error review when issue raised for first time on appeal).

Lawson also asserts that he was sentenced under the federal Sentencing Guidelines and that the Guidelines are unconstitutional after Blakely v. Washington, 542 U.S. 296 (2004). In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory manner in which the federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment.  Id. at 746, 750 (Stevens, J., opinion of the Court).  The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the Guidelines advisory.  Hughes, 401 F.3d at 546 (citing Booker, 125 S. Ct. at 757, 764 (Breyer, J., opinion of the Court)).

Although it was error for Lawson to be sentenced under the Guidelines as mandatory, he has failed to show that this error affected his substantial rights.  See United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (holding that defendant bears burden

of showing that error "'affected the outcome of the district court proceedings'" (quoting United States v. Olano, 507 U.S. 725, 734 (1993))). Our review of the record "provides no nonspeculative basis for concluding that the treatment of the [G]uidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'" White, 405 F.3d at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992) (alteration in original)). Because we find that Lawson has failed to show that his substantial rights were affected by the district court's error in imposing a sentence under the Guidelines as mandatory, we affirm Lawson's sentence. See White, 405 F.3d at 224-25; Fed. R. Crim. P. 52(b); Olano, 507 U.S. at 735, 737.

In conclusion, we affirm Lawson's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED