**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4367**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL EDWARD WOODS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-04-174-WLO)

Submitted: February 10, 2006      Decided: March 6, 2006

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James D. Cowan, Jr., SMITH MOORE L.L.P., Greensboro, North Carolina; Elizabeth Brooks Scherer, SMITH MOORE L.L.P., Raleigh, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Michael Edward Woods of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000), armed bank robbery, in violation of 18 U.S.C. § 2113(d) (2000), and brandishing a short-barreled shotgun during a crime of violence, in violation of 18 U.S.C.A. § 924(c)(1) (West 2000 & Supp. 2005). He appeals his convictions and 320-month sentence, asserting that the district court erred by denying his motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29, and that his sentence is unreasonable. We affirm.

Woods contends that the evidence did not support his convictions because the evidence failed to conclusively identify him as the robber. We review de novo the district court's denial of a Rule 29 motion. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). We have reviewed the trial testimony in the joint appendix and are convinced that the evidence was sufficient to convict Woods. See United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002) ("[W]e do not review the credibility of the witnesses and assume the jury resolved all contradictions in the testimony in favor of the government."); United States v. Redd,

161 F.3d 793, 797 (4th Cir. 1998) (finding eyewitness testimony sufficient to support conviction if witnesses deemed credible by fact finder).

Woods also asserts on appeal that, in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court erred by designating him as a career offender and that his sentence is unreasonable. Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court "must consult [the] Guidelines and take them into account when sentencing." 543 U.S. at __, 125 S. Ct. at 767 (Breyer, J., opinion of the Court). The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so. See United States v. Green, __ F.3d __, __, 2006 WL 267217, at *4-*5 (4th Cir. Jan. 6, 2006) (No. 05-4270) (citing United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005)). The sentence must be "within the statutorily prescribed range and . . . reasonable." Hughes, 401 F.3d at 546-47 (citations omitted); see Green, __ F.3d at __, 2006 WL 267317, at *5-*6 (discussing standards for determining whether sentence is reasonable).

In sentencing Woods, the district court correctly concluded that his North Carolina common law robbery conviction

qualified as a crime of violence for purposes of designating him as a career offender.  See U.S. Sentencing Guidelines Manual §§ 4B1.1, 4B1.2(a) & cmt. n.1 (2004).  The court then properly calculated the advisory Sentencing Guideline range, considered the factors in § 3553(a), and explained its reasons for sentencing Woods below the advisory Sentencing Guideline range.  We conclude that the sentence is reasonable.

Accordingly, we affirm Woods' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED