**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4195**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

MALCOLM ROBERT LEE MELVIN,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:11-cr-00079-RBH-1)

Submitted:  January 17, 2013       Decided:  January 29, 2013

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David  B.  Betts,  Columbia,  South  Carolina,  for  Appellant.
William  N.  Nettles,  United  States  Attorney,  Jeffrey  Mikell
Johnson,  Robert  F.  Daley,  Jr.,  William  Walker  Bethea,  Jr.,
Assistant  United  States  Attorneys,  Columbia,  South  Carolina,  for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Malcolm Robert Lee Melvin was charged with conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2006) ("Count One"); eight counts of interfering with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951(a) (2006) ("Count Two" through "Count Nine"); and eight counts of using and carrying firearms during and in relation to, and possessing firearms in furtherance of, a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) (2006) ("Count Ten" through "Count Seventeen"). Following a jury trial, he was convicted on all counts and sentenced to 2,298 months' imprisonment. Melvin appeals.

On appeal, Melvin's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court erred in denying Melvin's Fed. R. Crim. P. 29 motion for judgment of acquittal based on the sufficiency of the evidence. Melvin was advised of his right to file a pro se supplemental brief but did not do so. Upon our initial review of the appeal, we directed supplemental briefing to address whether the district court committed plain error by permitting expert testimony as to whether a shotgun used in the offenses met the definition of a "firearm" applicable to § 924(c).

2

Melvin subsequently requested, and we granted, authorization to also address whether the district court committed plain error when it failed to give a jury instruction regarding the definition of a firearm and charged the jury that a lay witness's testimony that he believed a firearm was used may be sufficient to meet this element. Finding no reversible error, we affirm.

We review de novo the district court's denial of a Rule 29 motion. United States v. Penniegraft, 641 F.3d 566, 571 (4th Cir.), cert. denied, 132 S. Ct. 564 (2011). Where the motion alleges insufficiency of the evidence, we must affirm if, viewing the evidence in the light most favorable to the government, "the conviction is supported by substantial evidence, where substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Hickman, 626 F.3d 756, 763 (4th Cir. 2010) (internal quotation marks omitted), cert. denied, 132 S. Ct. 469 (2011). A defendant challenging the sufficiency of the evidence bears "a heavy burden," as "[r]eversal . . . is reserved for the rare case where the prosecution's failure is clear." United States v. Ashley, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

3

We conclude that the record provides overwhelming evidence of Melvin's guilt of Counts One through Nine. See § 1951(a), (b)(1); United States v. Yearwood, 518 F.3d 220, 225-26 (4th Cir. 2008) (conspiracy); United States v. Williams, 342 F.3d 350, 353 (4th Cir. 2003) (elements of § 1951 offense); United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (aiding and abetting). We further conclude that the record provides substantial evidence to support Melvin's conviction in Counts Ten through Seventeen.[*] See § 924(c); 18 U.S.C. § 921(a)(3)(A) (2006) (definition of "firearm"); United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997) (elements of § 924(c) offense); Burgos, 94 F.3d at 873 (aiding and abetting).

The evidentiary and jury instruction issues addressed by Melvin in supplemental briefing were not raised in the district court. Accordingly, our review of these issues is for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). To establish plain error, Melvin must demonstrate that 1) there was error, 2) the error was plain, and 3) the error affected substantial rights. Id. Generally, an error does not affect substantial rights unless it is prejudicial, meaning

---

[*] Because we conclude that the undisputed evidence, viewed in the light most favorable to the Government, was sufficient to support a finding that the shotgun was, in fact, a firearm, our conclusion is not affected by the outcome of Melvin's challenge to "ultimate issue" testimony.

4

"that there must be a reasonable probability that the error affected the outcome of the trial." United States v. Marcus, 130 S. Ct. 2159, 2164 (2010). We will exercise discretion to correct such error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 736 (internal quotation marks omitted).

An expert is permitted to give testimony that "embraces an ultimate issue" to be decided by the jury. See Fed. R. Evid. 704(a). However, an expert generally is not permitted to apply law to facts to reach a legal conclusion, as such testimony is not considered helpful to the jury. See Fed. R. Evid. 702; United States v. Offill, 666 F.3d 168, 175 (4th Cir. 2011), cert. denied, 132 S. Ct. 1936 (2012); United States v. Perkins, 470 F.3d 150, 157-58 (4th Cir. 2006). In determining whether "ultimate issue" testimony is helpful to the jury, "[w]e identify improper legal conclusions by determining whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular." United States v. McIver, 470 F.3d 550, 562 (4th Cir. 2006) (internal quotation marks omitted). This question will often turn on the precise wording of counsel's questions and responses provided by the witness, and the extent to which this wording "framed the term in its traditional legal context." Perkins, 470 F.3d at 159-60.

5

Here, the Government's expert testified that the shotgun was properly considered a firearm, and he confirmed, in response to the Government's question, that the shotgun "met the definition of a firearm under the federal statute." Trial Transcript at 297. However, we need not determine at this juncture whether the district court erred in admitting this testimony, or whether any such error was plain. Even assuming, without deciding, that admission of this testimony was plainly erroneous, the remaining evidence against Melvin was sufficiently strong and probative that we conclude that Melvin fails to carry his burden of establishing a reasonable probability that he would not have been convicted but for this error. See Marcus, 130 S. Ct. at 2164.

Melvin next asserts that the district court failed to instruct the jury regarding the definition of a firearm applicable to § 924(c). "In reviewing jury instructions, we accord the district court much discretion and will not reverse provided that the instructions, taken as a whole, adequately state the controlling law." United States v. Wills, 346 F.3d 476, 492 (4th Cir. 2003) (internal quotation marks omitted). For the purposes of § 924(c), a firearm is defined as

> (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive

6

device. Such term does not include an antique firearm.

18 U.S.C. § 921(a)(3).

Contrary to Melvin's assertions, the district court provided the jury with an instruction closely mapping the statutory definition of a firearm under § 921(a)(3)(A), the only portion of the statute applicable to the facts of Melvin's case. To the extent it differed from the statutory language, we conclude that the court's instruction adequately and fairly stated the controlling law defining a firearm.

Lastly, Melvin asserts that the district court erroneously instructed the jury as to the role of a lay witness's belief that a firearm was used. However, viewing the challenged instruction in context and in light of the jury charge in its entirety, we conclude that the instruction accurately stated the controlling law. See United States v. Redd, 161 F.3d 793, 797 (4th Cir. 1998); accord United States v. Cruz-Diaz, 550 F.3d 169, 173 (1st Cir. 2008); United States v. Jones, 16 F.3d 487, 490 (2d Cir. 1994). Moreover, given that the eyewitnesses did not opine as to whether the guns were "firearms," and their beliefs regarding the weapons were not reasonably in dispute, any error in this instruction could not have affected Melvin's substantial rights. See Marcus, 130 S. Ct. at 2164.

7

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Melvin, in writing, of the right to petition the Supreme Court of the United States for further review. If Melvin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Melvin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>