**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4112**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MAURICE COLBERT,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, Chief District
Judge.  (1:12-cr-00268-CCB-1)

Submitted:  May 29, 2015                Decided:  June 8, 2015

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joseph Murtha, MURTHA, PSORAS & LANASA LLC, Lutherville,
Maryland, for Appellant.  Rod J. Rosenstein, United States
Attorney, Judson T. Mihok, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Maurice Colbert of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), (f), 2 (2012), forced accompaniment, in violation of 18 U.S.C. §§ 2113(e), 2 (2012), and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), 2 (2012). On appeal, Colbert challenges his § 924(c) conviction, arguing that the district court erred when it instructed the jury, both initially and in response to a jury question, that eyewitness testimony and photographic evidence "is sufficient" to sustain a conviction under § 924(c) if the jury finds the evidence "credible and reliable." We affirm.

"We review the district court's jury instructions in their entirety and as part of the whole trial, and focus on whether the district court adequately instructed the jury regarding the elements of the offense and the defendant's defenses." United States v. Wilson, 198 F.3d 467, 469 (4th Cir. 1999) (citation omitted). Colbert acknowledges that his failure to object to any part of the instructions on the § 924(c) charge subjects this issue to plain error review. United States v. Robinson, 627 F.3d 941, 953 (4th Cir. 2010). To establish plain error, Colbert must show: (1) there was an error, (2) that was plain, and (3) that affected his substantial rights. United States v. Olano, 507 U.S. 725, 732, 735-36 (1993). Further, we will

2

exercise our discretion and reverse a conviction based on a plain error only where the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 732, 736 (brackets and internal quotation marks omitted).

"The purpose of jury instructions is to instruct the jury clearly regarding the law to be applied in the case." United States v. Lewis, 53 F.3d 29, 34 (4th Cir. 1995). We have reviewed these instructions in the context of the overall charge, and conclude that they fairly and accurately set forth the controlling law. United States v. Woods, 710 F.3d 195, 207 (4th Cir. 2013); United States v. Redd, 161 F.3d 793, 797 (4th Cir. 1998) ("Eyewitness testimony is sufficient to prove that a person used a firearm."). Colbert has not demonstrated that the challenged instruction usurped the jury's role in weighing the evidence against the burden of proof.

Accordingly, we affirm Colbert's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3